IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| JOHN ELLIS, | ) | CV 06-108-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| THE TERTELING COMPANY, INC. IN | ) | |
| ITS CAPACITY AS PLAN ADMINISTRATOR | ) | |
| FOR THE TERTELING COMPANY INC. | ) | |
| HEALTH CARE PLAN 501, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.  Introduction

United States Magistrate Judge Jeremiah C. Lynch entered
Findings and Recommendation in this matter on August 7, 2007.
Judge Lynch recommended granting Defendant The Terteling Company,
Inc.'s motion for summary judgment on Plaintiff John Ellis' claim
that Terteling violated ERISA when it denied Ellis' claim for
medical expense benefits.  Judge Lynch correspondingly
recommended denying Ellis' motion for summary judgment.  Ellis
timely objected and thus is entitled to de novo review of the
record.  28 U.S.C. § 636(b)(1).  Despite Ellis' objections, I

-1-

agree with Judge Lynch's analysis and conclusions.  Because the
parties are familiar with the factual background, it will not be
restated here.

## II.  Analysis

In his objections, Ellis first contends Judge Lynch applied
the wrong standard of review is assessing Terteling's decision to
deny benefits.  Ellis argues the Court should apply a heightened
standard of review because Terteling both funded and administered
its Health Care Plan.  Ellis relies on a Third Circuit case
applying a heightened form of the arbitrary and capricious
standard of review in cases where the insuring company and the
plan administrator are the same.  See Pinto v. Reliance Stand.
Life Ins. Co., 214 F.3d 377 (3d Cir. 2000).

Recent Ninth Circuit authority sets forth the standard of
review applicable here.  See Abatie v. Alta Health & Life Ins.
Co., 458 F.3d 955 (9th Cir. 2006).  When, as here, the Plan
grants discretion to the plan administrator, the district court
reviews the administrator's decision for an abuse of discretion
"informed by the nature, extent, and effect on the
decision-making process of any conflict of interest that may
appear in the record."  Id. at 967.  In his summary judgment
briefing, Ellis did not identify any conflict of interest to be
considered, and thus, Judge Lynch applied a straightforward abuse
of discretion analysis.  A conflict of interest, however, does

exist because Terteling both administers and funds the plan.
Nevertheless, this conflict is merely structural; Ellis has
pointed to no evidence in the record of malice, self-dealing, or
parsimonious claims-granting.  <u>Id</u>. at 968.  Thus, Terteling's
decision is viewed with a low level of skepticism.  <u>Id</u>.  Although
Judge Lynch failed to factor the structural conflict of interest
into his abuse of discretion analysis, I conclude, for the
reasons discussed below, that the result would be the same
applying this moderately heightened standard.

Contrary to Ellis' assertion, there is substantial record
evidence to support Terteling's determination that the symptoms
for which Ellis sought treatment in October 2004 were consistent
with Crohn's Disease.  Ellis notes the diarrhea he complained of
in October 2004 could have been a symptom of many different
aliments and various tests were necessary to rule out other
diagnoses before determining he was suffering from Crohn's
disease.  Because diarrhea can indicate many ailments, Ellis
contends it is speculative to assert his Crohn's disease was pre-
existing based on his problems with diarrhea in October 2004.
After conducting several tests, however, physicians ruled out the
other ailments that may have been causing Ellis' diarrhea and
diagnosed him with Crohn's disease.  Thus, it was reasonable for
Terteling to conclude that the diarrhea Ellis received treatment
for in October 2004 was a symptom of what was later diagnosed as

Crohn's disease.

Ellis also contends the language of the Plan is ambiguous because it fails to define the term "condition."  Citing <u>Kunin v. Benefit Trust Life Ins. Co.</u>, 910 F.2d 534 (9th Cir. 1990), Ellis argues this ambiguity gives rise to a presumption that the ambiguous language favors the insured.  Ellis also makes the related argument that the plan administrator imposed additional eligibility requirements when it denied coverage based on its determination that Ellis' diarrhea on October 2004 was "related to" or "consistent with" Crohn's disease.  As Judge Lynch correctly determined, however, the language of the pre-existing condition exclusion is not ambiguous[1] and the plan administrator did not impose additional eligibility requirements.  Undefined Plan terms are interpreted "in an ordinary and popular sense as would a [person] of average intelligence and experience."  <u>Simkins v. NevadaCare, Inc.</u>, 229 F.3d 729, 734-35 (9th Cir. 2000) (quotation omitted).  The plan defines a pre-existing condition as "any condition (whether physical or mental) regardless of the cause of the condition, for which medical advice, diagnosis, care or treatment, including refilling a prescription, was recommended

---

[1]Even if the Plan language were ambiguous, the ambiguity would not be interpreted to favor the insured.  The Ninth Circuit limited the reach of <u>Kunin</u>, the case relied on by Ellis, in <u>Winters v. Costco Wholesale Corp.</u>, 49 F.3d 550 (9th Cir. 1995).  In <u>Winters</u>, the court held the rule of <u>contra proferentem</u> does not apply where, as here, the Plan grants the administrator discretion to interpret the Plan.  <u>Id</u>. at 554.

or received within the six month period ending on the enrollment date." Because the plan contemplates receiving medical advice, diagnosis, care, or treatment for a condition, it is apparent that a condition need not be diagnosed to qualify as a pre-existing condition. The definition of the term "condition"—a state of health—also makes this clear. Merriam-Webster Dictionary (defining "condition" as, inter alia, "a state of being" or "a usually defective state of health").

On October 2004, before his insurance coverage became effective, Ellis sought treatment for various conditions, including diarrhea, fatigue, epigastric pain, and abdominal cramping. He was diagnosed with gastritis and treated. After Ellis' insurance coverage became effective, he again sought treatment for diarrhea, lack of energy, stomach aches, and abdominal pain. On this second occasion, Ellis was diagnosed with chronic diarrhea and referred to a gasteroenterolgist. The gasteroenterolgist subsequently performed a colonoscopy and diagnosed Ellis with Crohn's disease. The conditions Ellis complained of in October 2004 were almost identical to the conditions he recounted during his visit to the Evergreen Clinic after his insurance coverage became effective. Ellis had already received treatment for those conditions in October 2004. The fact that Ellis' doctor incorrectly diagnosed him with gastritis in October 2004 is of no moment. Ellis received medical advice

and treatment for a condition regardless of whether the condition was diagnosed correctly or not.  Terteling's determination that the October 2004 condition was the same condition that Ellis received treatment for after his coverage became effective was not unreasonable considering the similarity of symptoms of which Ellis complained.  Nor was Terteling's interpretation of the Plan's pre-existing condition exclusion an abuse of discretion.

### III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt #34) are adopted in full. Terteling's motion for summary judgment (dkt #20) is GRANTED. Ellis' motion for summary judgment (dkt #15) is DENIED.

The Clerk of Court is directed to enter final judgment in favor of Defendant and close the case.

Dated this 9th day of November, 2007.

DONALD W. MOLLOY, Chief Judge
United States District Court